## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Gale S. Rutherford

v.

Gustave Y. Vargas

August 25, 1989

Case No. (Law) 23767-M

By JUDGE RUSSELL I. TOWNSEND, JR.

This case was taken under advisement after the presentation of evidence on August 24, 1989, to afford the Court an opportunity to consider legal precedents submitted by counsel for the defendant.

Defendant contends the oral agreement for him to provide hospitalization insurance was a modification of an oral "just cause" employment contract not capable of performance within one year and, therefore, unenforceable under the Statute of Frauds, Code Section 11-2(7). Plaintiff argues the agreement to provide insurance was a separate oral agreement and falls outside of the Statute of Frauds.

The Court concludes that the agreement to provide hospitalization insurance did not make the agreement a condition of employment nor did it obligate the defendant to continue to provide coverage as long as the plaintiff was employed or for any other specific period of time. It was an agreement which could have been terminated by either party at any time. Therefore, the Court finds that enforcement is not barred by the Statute of Frauds since the contract was capable of performance within one year.

The Court is of the opinion that the defendant was required to provide hospitalization insurance until he, in some reasonable way, notified the plaintiff or she became aware that the coverage was terminated or until the plaintiff's own actions resulted in termination of coverage. The fact that the carrier terminated coverage retroactive to January 1, 1987, for nonpayment of premium is immaterial unless the failure to have the premium paid on time was somehow the fault of the plaintiff because of her deficient performance as an employee responsible for making the payments. There is no evidence she was responsible for the late or nonpayment of the premium in this instance.

Therefore, the Court finds that the defendant had not notified the plaintiff in any way that her coverage was terminated and she had not by her own initiative terminated the coverage prior to incurring the expenses for hospitalization for which she seeks a judgment in this case, nor had she become aware that coverage was terminated prior to incurring the expenses. Defendant was contractually obligated to provide coverage during that period. His obligation ceased as soon as the plaintiff learned that the carrier had cancelled the coverage for nonpayment of premium since that also amounted to notice that defendant had terminated the coverage.

Judgment will be entered for plaintiff in the amount of $2,950.25. Plaintiff cannot recover attorney's fees for this breach of contract.